UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Philadelphia Indemnity Insurance Company,<br><br>　　　　　　　Plaintiff<br><br>　v.<br><br>Dallaswhite Corporation,<br><br>　　　　　　　Defendant | Case No. 2:23-cv-01074-CDS-DJA<br><br>**Order Denying Defendant's<br>Motion to Dismiss**<br><br>[ECF No. 9] |

　　　This is a subrogation action between plaintiff Philadelphia Indemnity Insurance Company (PIIC) and defendant Dallaswhite Corporation. Dallaswhite moved to dismiss the complaint, arguing that PIIC's claims are barred because its subrogation rights were extinguished in a settlement agreement signed by its subrogee prior to the filing of the complaint. ECF No. 9. The motion is fully briefed. ECF Nos. 14, 15. Because I take judicial notice of a document outside the four corners of the complaint (the settlement agreement), I convert the motion to a motion for summary judgment under Rule 12(d). For the following reasons, the motion for summary judgment is denied.

I.　Background

　　　PIIC provided insurance coverage to the Homeowners Association (HOA) for properties located in downtown Las Vegas. ECF No. 1 at ¶ 2. The HOA hired Dallaswhite to repair damage to the 2011 Tower Street property following a fire in June 2022. *Id.* at ¶ 8. The HOA subsequently experienced flood damage after a heavy rainstorm. *Id.* at ¶ 11. The HOA alleged that the damage was caused by Dallaswhite leaving fire debris and construction materials on the site during its repairs which blocked a storm drain and caused unprecedented drainage problems. *Id.* at ¶¶ 9–12.

On July 6, 2023, Dallaswhite and the HOA entered into a Settlement and Release Agreement, of which Dallaswhite requests I take judicial notice. *See* ECF No. 11; *see also* Whiteway Decl., ECF No. 10 at ¶ 3.[1] Paragraph 3 of the Release states as follows:

> 3. Release of Claims. Except for the obligations created by this Agreement, each of the Parties, *on behalf of themselves and their respective insurers*, directors, shareholders, officers, employees, agents, representatives, members, managers, partners, parents, subsidiaries, principals, predecessors, successors, affiliates, and attorneys, hereby release and forever discharge the other Party and the other Party's respective insurers, directors, shareholders, officers, employees, agents, representatives, members, managers, partners, parents, subsidiaries, principals, predecessors, successors in interest, affiliates, and attorneys from all claims, demands, liens, actions, suits, causes of action, obligations, controversies, debts, costs, attorneys' fees, expenses, damages, judgments, orders and liabilities of every kind or nature, in law, equity or otherwise, whether known or unknown, suspected or unsuspected, in any way relating to the Property, or the Settled Claims (collectively, the "*Released Claims*").

*See* Settlement Agreement, ECF No. 10-1 at ¶ 3 (emphasis added). PIIC filed its complaint on July 12, 2023, after the agreement was signed. ECF No. 1.

II. Discussion

Dallaswhite argues that PIIC is limited to the rights of the HOA and, because the HOA discharged its and its insurer's claims against Dallaswhite, PIIC cannot assert any rights against Dallaswhite and thus the complaint must be dismissed. ECF No. 9 at 5. PIIC responds that its rights are not extinguished because Dallaswhite was on notice of its subrogation claim prior to signing the settlement agreement. ECF No. 14 at 7–10.

---

[1] Brian Whiteway is the president of Dallaswhite. Whiteway Decl., ECF No. 10 at ¶ 1.

2

1    Subrogation is a common law doctrine based in equity that permits an insurer to take
2 the place of the insured to pursue recovery from third-party tortfeasors responsible for the
3 insured's loss. *Mort v. United States*, 86 F.3d 890, 893–94 (9th Cir. 1996) (citing *Han v. United States*,
4 944 F.2d 526, 529 (9th Cir. 1991)). As the party who pays the insured's loss, the insurer (the
5 subrogee) "stands in the shoes" of the insured (the subrogor) and succeeds to the insured's
6 rights and remedies. *See Am. Sur. Co. of New York v. Bethlehem Nat. Bank of Bethlehem, Pa.*, 314 U.S. 314,
7 317 (1941); *In re Hamada*, 291 F.3d 645, 649 (9th Cir. 2002). An important limit to the right of
8 subrogation is that it is a purely derivative right—meaning that the subrogee succeeds to rights
9 no greater than those of the subrogor. *United States v. California*, 507 U.S. 746, 756 (1993); *Fed. Ins.*
10 *Co. v. Union Pac. R. Co.*, 651 F.3d 1175, 1177 n.1 (9th Cir. 2011).

11    Under Nevada law, a release between an insured and a tortfeasor does not extinguish the
12 insured's carrier's subrogation rights when the tortfeasor is on notice of the subrogation claim
13 before entering into the release. *Davenport v. State Farm Mut. Auto. Ins. Co.*, 404 P.2d 10, 12–13 (Nev.
14 1965), *abrogation on other grounds recognized in Maxwell v. Allstate Ins. Companies*, 728 P.2d 812, 813–14
15 (Nev. 1986); *accord Intri-Plex Techs., Inc. v. Crest Grp., Inc.*, 499 F.3d 1048, 1056 (9th Cir. 2007)
16 (applying California law).

17    PIIC attached to its response a letter dated January 23, 2023, in which Sara Murdock,
18 PIIC's senior claims examiner, wrote to Dallaswhite, notifying it of the water damage to the 2011
19 Tower Street property and placing it "on notice of this loss, as you have liability in this matter."
20 1/23/23 Letter, Pl.'s Ex. A, ECF No. 14-1 at 4. PIIC also attached an email dated May 5, 2023, in
21 which Murdock sent requested photos to a representative of Dallaswhite's insurer, Axis
22 Insurance. 5/5/23 Email, Pl.'s Ex. C, ECF No. 14-1 at 9. In her declaration, Murdock affirms that
23 she received a phone call on May 5 from Dallaswhite's insurer representative who called "to
24 inquire about the circumstances of PIIC's subrogation claim against [Dallaswhite]" and that on
25 the call she explained "the circumstances of the loss and why PIIC had placed [Dallaswhite] on
26 notice." Murdock Decl., ECF No. 14-1 at ¶¶ 8–9. As a result, PIIC contends that "[Dallaswhite]

1 and its insurance carrier[2] were both on notice of PIIC's subrogation claim as of no later than January 23, 2023 and May 5, 2023, respectively." *Id.* at ¶ 11.

Dallaswhite replies that PIIC's January 23 letter was insufficient for notice because "the word 'subrogation' "does not appear anywhere in the letter[.]" ECF No. 15 at 5–7. It points out that the notice letter in *Davenport* explicitly mentioned "subrogation" and cites to a California case from 1935 which held a notice letter inadequate where it had "nothing on the face" to say that "any subrogation or assignment had taken place." ECF No. 15 at 6–7 (citing *Bernhard v. Delluaitante*, 5 Cal. App. 2d 585, 587 (1935)). Dallaswhite did not reply to PIIC's argument regarding notice by way of its insurer.

Because both parties submit materials outside of the pleadings which are required to resolve this motion to dismiss, I convert it to a motion for summary judgment. *See Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1207 (9th Cir. 2007); *Muthle v. SAP.io*, 2019 U.S. Dist. LEXIS 189333, *3–4 (N.D. Cal. Oct. 31, 2019) ("Because the motion to dismiss turns upon facts outside the corners of the complaint, Rule 12(d) provides that the motion should be converted to a motion for summary judgment."). The court declines at this time to decide whether there was sufficient notice to Dallaswhite on January 23 or whether notice to an insurer is sufficient for notice under Nevada law. Instead, I deny Dallaswhite's motion for summary judgment because PIIC established a material dispute of fact as to whether there was sufficient notice by introducing evidence that Dallaswhite's insurer was alerted to the subrogation claim at least as of May 5, 2023—which Dallaswhite neither refuted with evidence nor contrary case law.

---

[2] PIIC acknowledges that Nevada courts have yet to rule on whether a release does not bar a subrogation claim when the tortfeasor's insurance carrier is on notice of the claim, but cites other jurisdictions which have so held. ECF No. 14 at 9 n.3 (citing *Nationwide Mut. Ins. Co. v. Dairyland Ins. Co.*, 445 S.E.2d 184, 187–88 (W. Va. 1994); *Milbank Ins. Co. v. Henry*, 441 N.W.2d 143, 146 (Neb. 1989); *Home Ins. Co. v. Hertz Corp.*, 375 N.E.2d 115, 118 (Ill. 1978); *State Nat. Fire Ins. Co. v. Sykes*, 527 So. 2d 589, 591–92 (La. Ct. App. 1988); *Vigilant Ins. Co. v. Bowman*, 198 S.E.2d 346, 347–48 (Ga. App. 1973)).

III.	Conclusion

IT IS THEREFORE ORDERED that Dallaswhite's motion for summary judgment (titled motion to dismiss) [ECF No. 9] is DENIED.

IT IS FURTHER ORDERED that, pursuant to Local Rule 16-5, this matter is referred to the magistrate judge for a settlement conference.

Dated: February 13, 2024

_____
Cristina D. Silva
United States District Judge